The document below is hereby signed.

Signed: December 1, 2017



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
                UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF COLUMBIA

In re                             )
                                  )
PAULA I. CARR,                    )   Case No. 17-00240
                                  )   (Chapter 13)
               Debtor.            )
```

MEMORANDUM DECISION AND ORDER RE DEBTOR'S
OBJECTION TO BRANCH BANKING & TRUST COMPANY'S PROOF OF CLAIM

The debtor has filed an objection to the proof of claim filed by Branch Banking & Trust Company ("Creditor") claiming a security interest on the closet system in the debtor's home (Dkt. No. 29).  The debtor claims that because the property is a fixture, the Creditor does not have a secured interest in the property, but a general unsecured interest.  This objection raises two questions, 1) can the creditor obtain a security interest in personal property that will become a fixture, and 2) if so, will that security interest continue once the property becomes a fixture?  The law answers both questions in the affirmative; accordingly, I will overrule the debtor's objection.

Sometime in 2008, the debtor entered into a Home Improvement Retail Installment Contract with Thompson Creek for a loan of

$12,924.50 to install a closet system in her home.  Thompson Creek assigned the contract to Lendmark Financial which recorded a UCC Financing Statement on September 17, 2008.  The Creditor acquired Lendmark Financial Services and the associated security interest.

The debtor filed for bankruptcy in chapter 13 on April 26, 2017.  The Creditor filed its proof of claim on August 17, 2017, attached with the Home Improvement Installment Contract and the UCC Financing Statement.  Accordingly, the proof of claim meets the requirements of Rule 3001 and, constitutes as prima facie evidence of the validity and amount of the claim.

The debtor filed her objection to the proof of claim arguing that because the personal property became a fixture, it also became a part of the real property and the Creditor's security interest became ineffective.  The debtor does not dispute the amount of the claim, but its classification as a secured claim.  The debtor contends that Creditor's claim is a general unsecured claim.

There is currently no dispute that the property is a fixture.  The issues presented by this case are 1) whether the creditor could obtain a security interest on personal property that would become a fixture, and 2) if the creditor can obtain such a security interest, whether that security interest will continue once the property becomes a fixture.  I will address

each of these issues in turn.

Security interests on personal property are governed by article 9 of the Uniform Commercial Code ("U.C.C."). D.C. codified the U.C.C. into Title 28 of the D.C. Code. Under article 9 of the U.C.C., "[a] security interest under this article may be created in goods that are fixtures or may continue in goods that become fixtures." D.C. Code § 28:9-334(a). In certain situations, a security interest in fixtures has priority over a conflicting interest in the real property. § 28:9-334(d)-(h). A security interest in a fixture is perfected by filing a financing statement if the financing statement also provides the name of the debtor and the secured party, and indicates the collateral covered by the financing statement. D.C. Code § 28:9-502(a).

The U.C.C. clearly indicates that a creditor may obtain a security interest on collateral that will become a fixture. Here, the Creditor, as the assignee to the Home Improvement Retail Installment Contract, has obtained a security interest in the closet system. The financing statement filed by the Creditor includes the names of both the debtor and the Creditor[1] and the collateral, the closet system. Therefore, under the D.C. Code, the creditor obtained and perfected a security interest in the

---

[1] The Financing Statement includes the name of Lendmark Financial Services, which, as previously noted, was acquired by the Creditor.

closet system.

As to the second issue, the statute clearly states "[a] security interest under this article . . . may continue in goods that become fixtures." It would make little sense for the law to allow creditors to perfect a security interest in personal property destined to become a fixture, if such security interest would terminate upon the personal property actually becoming a fixture. Additionally, courts have long recognized that a security interest in personal property under the U.C.C. continues in place, even after the collateral becomes a fixture. *See Tustian v. Schriever*, 34 P.3d 755, 759 (Utah 2001); *Maplewood Bank and Trust v. Sears Roebuck and Co.*, 625 A.2d 537, 538–539 (N.J. Super. App. Div. 1993); *Dry Dock Savings Bank v. DeGeorgio*, 61 Misc.2d 224 (N.Y. Sup. Ct. 1969).[2] Hence, a security interest will continue once the collateral becomes a fixture.

---

[2] These cases consider the remedies available to enforce a security interest in a fixture. Prior to 2001, courts held that the only remedy was removing the fixture from the realty. *Tustian*, 34 P.3d at 760; *Maplewood Bank and Trust*, 625 A.2d at 539. The U.C.C. was amended in 2001 with the addition of § 9-604(b) that allows the creditor to proceed under Article 9 or to use the remedies available to real property. However, how this section is to be applied is still unclear. One court has held that the creditor may only use remedies relating to fixtures, if any, in the state's real property law or must obtain a separate security interest in the real property to exercise its remedy under § 9-604. *Carmel Financial Corp., Inc. v. Castro*, 524 S.W.3d 291, 296–297 (Tex. App. 2016). This question is not before the court, and I will not address it; however, these cases do make clear that a perfected security interest in personal property remains even after the personal property becomes a fixture.

Therefore, the Creditor has a security interest in the closet system, that has been perfected, and survived the transformation of the closet system into a fixture of the debtor's home.  It is thus

ORDERED that the debtor's objection to Branch Banking & Trust Company's proof of claim is OVERRULED.

[Signed and dated above.]

Copies to: Recipients of e-notice of orders.